RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAR 30  P 3: 51

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Alexis E. Wilson,**<br>aka Alexis Wilson,<br><br>Plaintiff,<br><br>vs.<br><br>Greenwood County Det Center;<br>Sgt. Lark, In his Individual Cap.;<br>Sgt. Manley, In his Individual Cap.;<br>Sheriff Dan Wideman, in his Individual Cap.; and<br>Sgt. Lewis, In her Individual Cap.,<br><br>Defendants. | ) C/A No. 9:06-392-GRA-GCK<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Greenwood County Detention Center, awaiting trial on undisclosed criminal charges. In the operative Amended Complaint filed in this case (Entry 3), Plaintiff complains about several conditions of his confinement at the detention center that he claims violate or violated his constitutional rights. First, he complains that he was not provided unspecified "legal supplies" for four days, that his "legal mail" was opened by detention center on three days, and that he has not been provided with all of the copies of legal documents that he claims he needs and that he claims he requested. Plaintiff does not claim that he missed any court deadlines or suffered any other specific injury from this lack of supplies and copies. Second, Plaintiff complains that he was not given unspecified "hygiene supplies" or a razor for two days, but, again, there is no allegation of any sort of

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

injury Plaintiff suffered from this temporary lack of supplies. Finally, he claims that personnel at the detention center do not respond to grievances submitted to them. Plaintiff seeks compensatory and punitive damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under

2

the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff's Complaint fails to state any viable claim pursuant to 42 U.S.C. § 1983[2] based on the stated temporary unavailability of "legal supplies" or copies. Several courts have addressed claims by prisoners relating to costs of photocopies and postage to be used in *pro se* litigation. In Dugar v. Coughlin, 613 F. Supp. 849, 853 (S.D. N.Y. 1985), a prisoner sought an injunction to prohibit the New York Department of Correctional Services "from charging prisoners for postage for legal mail" and "from charging prisoners for all photocopying services in connection with legal work, except for copies made from books[.]" The United States District Court for the Southern District of New York rejected the prisoner's contention that he and other inmates were entitled to free photocopies and unlimited free postage. See Dugar, 613 F. Supp. at 853-54. A district court in this circuit rejected a similar challenge by a federal inmate in Lyons v. Clark, 694 F. Supp. 184 (E.D. Va. 1988). Furthermore, longstanding case law in this circuit provides that if a pre-trial detainee has an attorney – or *is offered counsel but waives his or her right to counsel* – he or she has no constitutional right of access to a law library or to legal materials when he or she is a pre-trial detainee. See United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978). In United States v. Chatman, the Court concluded that Bounds v. Smith, 430 U.S. 817 (1977), was not applicable to a pre-trial detainee:

> We do not read *Bounds* to support that conclusion. *Bounds* was concerned with the rights to equal protection and to access to the courts of prisoners who sought to invoke post-conviction relief. * * * *Bounds*, of

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

3

> course, has no direct application to defendant. He was accused of a crime and had an absolute right to counsel, which he validly waived; he had no present thought of pursuing post-conviction relief. But, even so, we do not read Bounds to give an option to the *prisoner* as to the form in which he elects to obtain legal assistance. The option rests with the government which has the obligation to provide assistance as to the form which that assistance will take. Thus, to the extent that it may be said that Bounds has any application to the instant case, the United States satisfied its obligation under the sixth amendment when it offered the defendant the assistance of counsel which he declined. We so hold. Cf. United States v. West, 557 F.2d 151 (8 Cir. 1977).

United States v. Chatman, 584 F.2d at 1360 (italics in original).

The United States Court of Appeals for the Fourth Circuit has also ruled that the Constitution of the United States does not require every local jail even to have a law library. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987). The holding in Magee v. Waters is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" Magee v. Waters, 810 F.2d at 452; see also Cruz v. Hauck, 515 F.2d 322, 331-333 (5th Cir. 1975). In Cruz v. Hauck, the Court noted: "access to the courts may be satisfied either by availability of legal materials, by counsel, or by any other appropriate device of *the State*." 515 F.2d at 331 (emphasis added). Also on point are Peterkin v. Jeffes, 855 F.2d 1021, 1040-41 & nn. 24-25 (3d Cir. 1988); and Sands v. Lewis, 886 F.2d 1166, 1170-71 (9th Cir. 1989)(collecting cases).

From his Complaint allegations, Plaintiff's appears to believe that he should, constitutionally, be provided with unlimited "legal document" copying privileges and "legal supplies" while he is incarcerated by Greenwood County. Based on the above law, it is clear that his belief is incorrect and that he has failed to state any type of constitutional

4

violation resulting from detention center personnel's failure to provide him with the copies he requested and their temporary refusal to provide "legal supplies" to Plaintiff. Although Plaintiff may be, implicitly, contending that he and other prisoners cannot pay the photocopying costs and other costs, Plaintiff is in a position similar to that of any other indigent litigant outside the prison system. This Court does not have the authority to direct the Greenwood County Detention Center to provide free photocopying services. See Caputo v. Fauver, 800 F. Supp. 168 (D. N.J. 1992). In any event, Plaintiff has a reasonable alternative to photocopies: he can recopy in longhand the contents of the original complaints, petitions, or other pleadings on blank forms. See Dugar v. Coughlin, 613 F. Supp. at 853-54; Lane v. Sheriff Hutcheson, 794 F. Supp. 877, 884 (E.D. Mo. 1992)(although the county jail did not provide photocopying services to inmates "[i]nmates are not prohibited from having their legal materials (or any documents) photocopied and/or notarized on the outside by relatives and friends, and then returned to the inmate." ).

With respect to Plaintiff's conditions of confinement claims about alleged mail tampering and temporary deprivation of a razor and other unspecified "hygiene supplies," the Complaint allegations fail to state valid § 1983 claims. Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. See Farmer v. Brennan, 511

U.S. 825, 832 (1994). In order to state a viable conditions-of-confinement claim an inmate must show that: (1) the conditions were objectively serious enough to pose a substantial risk of serious harm; and (2) that the prison official's state of mind was one of "deliberate indifference." Farmer, 511 U.S. at 834. These elements have also been described as the "objective component" and the "subjective component." Wilson v. Seiter, 501 U.S. 294 (1991). The objective component examines the gravity of the alleged deprivation. See Hudson v. McMillian, 503 U.S. 1 (1992); see also Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pretrial detainee). The subjective component is the state of mind of the prison official(s) alleged to have violated a plaintiff's rights.



Decisions of the United States Court of Appeals for the Fourth Circuit provide more detailed guidelines for the analysis of Plaintiff's claims. The objective conditions must rise to the level of a deprivation of a basic human need such as food, warmth, or exercise. See Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). In Strickler v. Waters, 989 F.2d 1375 (4th Cir.1993). the Court said that an inmate complaining about prison conditions must show that the challenged conditions resulted in a serious deprivation of a basic human need which, in turn, resulted in serious or significant harm. While these conditions standing alone may not constitute cruel and unusual punishment, they may constitute an Eighth Amendment violation if considered in aggregate, see McElveen v. County of Prince William, 725 F.2d 954 (4th Cir.1984). The United States Supreme Court has cautioned, however, that to be considered in aggregate, conditions must have mutually enforcing effects that produce deprivation of a single, identifiable need such as food, warmth, or

exercise. See <u>Wilson v. Seiter</u>. The Prison Litigation Reform Act (PLRA) of 1996 placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

See <u>Mitchell v. Horn</u>, 318 F.3d 523, 535 (3d Cir. 2003) (§ 1997e's "injury" provision requires more than *de minimus* injury); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193-94 (5th Cir. 1997)(same).



Keeping the above principles in mind, Plaintiff's allegations about his conditions of confinement at the Greenwood County Detention Center are too conclusory and general to state any Eighth Amendment claim upon which this Court could grant relief. Plaintiff's claims do not satisfy the "objective component" of the <u>Farmer v. Brennan</u> analysis. As the United States Court of Appeals for the First Circuit has observed: "Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." <u>Pavilonis v. King</u>, 626 F. 2d 1075, 1078 (1st Cir. 1980). By way of factual allegations, the Plaintiff specifically refers to only a few matters: that he was forced to do without unspecified "hygiene supplies" for few days, that he did not have a razor for a few days, and that his mail was opened out of his presence a few times. None of Plaintiff's allegations show that he was subjected to any type of serious or substantial harm from any of the conditions that he contends violated his constitutional rights. Other than implicit hurt feelings resulting from these temporary deprivations and actions, Plaintiff does not state that he suffered anything more than *de minimus* injury from

7

the complained-of conditions. See Mitchell v. Horn, 318 F.3d at 535. He does not provide any supporting facts showing the nature and extent of any negative effects he might have suffered as a result of the lack of hygiene supplies or mail opening and the lack of such allegations are fatal to any otherwise potentially viable constitutional claims.

Finally, the Complaint in this case also fails to state a § 1983 cause of action based on Plaintiff's contentions that his constitutional rights are being violated by the alleged breakdown of the inmate grievance system at the Greenwood County Detention Center. It is well settled that prison inmates, including pre-trial detainees, have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. See Mann. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case in York County, such failure is not actionable under § 1983. See Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo.1986); Azeez v. DeRobertis, 568 F.Supp. 8, 9-11 (N.D. Ill. 1982).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04

& n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; see also 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

March 30, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

10

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NOTICE OF FILING FEE INCREASE
Effective April 9, 2006

The Deficit Reduction Act of 2005 imposes fee increases effective April 9, 2006. As of April 9, 2006, the fee for an appeal payable in the district court is $455, and the fee for an original action in the Court of Appeals is $450. The updated fee schedule is attached.

## Schedule of Fees for the U.S. Court of Appeals for the Fourth Circuit
effective April 9, 2006, pursuant to 28 U.S.C. foll. § 1913

No fees under 28 U.S.C. foll. § 1913 are charged for services rendered on behalf of the United States, with the exception of those specifically noted below. No fees are charged to federal agencies or programs which are funded from judiciary appropriations, including, but not limited to, agencies, organizations, and individuals providing services authorized by the Criminal Justice Act, 18 U.S.C. § 3006A, and Bankruptcy Administrator Programs.

| | |
|---|---|
| Docketing Fee for Petition for Review or Petition for Writ of Mandamus *(fee does not apply to United States)* | $450 payable to Clerk, U.S. Court of Appeals, 100 E. Main St., Suite 501, Richmond, VA 23219 |
| Docketing and Filing Fee for Appeal from U.S. District Court *(fee does not apply to United States)* | $455 payable to Clerk, U.S. District Court |
| Fee for Search of Records of the Court and Certifying the Results thereof *(fee applies to services rendered on behalf of United States if the information requested is available through electronic access)* | $26 payable to Clerk, U.S. Court of Appeals |
| Fee for Certifying any Document or Paper, whether Certification is made on the Document or by Separate Instrument *(fee does not apply to United States)* | $9 payable to Clerk, U.S. Court of Appeals |
| Fee for Reproducing any Record or Paper, whether Produced from Original Document or Microfiche Copy *(fee applies to services rendered on behalf of United States if record or paper requested is available through electronic access)* | $.50 per page payable to Clerk, U.S. Court of Appeals |
| Fee for Reproduction of Recordings of Proceedings, Regardless of the Medium *(fee does not apply to United States)* | $26 payable to Clerk, U.S. Court of Appeals |
| Fee for Retrieval of Record from Federal Records Center or National Archives *(fee does not apply to United States)* | $45 payable to Clerk, U.S. Court of Appeals |

03/06

| | |
|---|---|
| Fee for Check Paid into Court which is Returned for Lack of Funds | $45 payable to Clerk, U.S. Court of Appeals |
| Fee for Copies of Opinions *(fee applies to services rendered on behalf of United States if opinion is available through electronic access)* | $2 per opinion payable to Clerk, U.S. Court of Appeals |
| Annual Subscription Fee for Court's Printed Opinions (Published Only) | $550 per year payable to Clerk, U.S. Court of Appeals |
| Fee for Printing Copies of any Record or Document Accessed Electronically at a Public Terminal in the Courthouse *(fee applies to services rendered on behalf of United States if record is remotely available through electronic access)*. | $.10 per page payable to Clerk, U.S. Court of Appeals |
| Electronic Access Fee for Docket and Case File Information on the Court's Web Site, www.ca4.uscourts.gov. In addition to the exemption afforded to programs funded through Judiciary appropriations (including exemptions to persons providing services under the Criminal Justice Act), the Court may, upon a showing of cause, exempt indigents, bankruptcy case trustees, individual researchers associated with educational institutions, courts, section 501(c)(3) not-for-profit organizations, and pro bono ADR neutrals from payment of electronic access fees. The Court must find that the moving party from these classes of persons or entities has demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Any user granted an exemption agrees not to sell the resulting data for profit. Exemptions may be granted for a definite period of time and may be revoked at the discretion of the Court. *(Fee applies to United States)* | $.08 per page with a maximum charge of $2.40 per document. Users must obtain a login and password from the PACER Service Center by calling 1-800-676-6856 or on-line at www.pacer.psc.uscourts.gov. Users are billed by the PACER Service Center, but no fee is owed until an account holder accrues charges of more than $10 in a calendar year. |
| Electronic Access Fee for Opinions, Calendars, Rules, Procedures, Forms, and Notices on Court's Web Site, www.ca4.uscourts.gov. | Free of Charge |

03/06

| | |
|---|---|
| Fee for Search of Court Electronic Records Conducted by PACER Service Center *(fee applies to United States)* | $20 payable to PACER Service Center |
| Fee for Attorney Admission to Fourth Circuit Bar, including a certificate of admission *(fee does not apply to attorneys appointed to represent an indigent litigant, to counsel for the United States, or to law clerks of federal courts within this Circuit)* | $170 payable to Clerk, U.S. Court of Appeals, incorporating $150 national fee and $20 local fee |
| Fee for Duplicate Certificate of Admission to Fourth Circuit Bar *(fee does not apply to United States)* | $15 payable to Clerk, U.S. Court of Appeals |
| Fee for Certificate of Good Standing in Fourth Circuit Bar *(fee does not apply to United States)* | $15 payable to Clerk, U.S. Court of Appeals |

03/06